UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOB BOURG, ET AL. | CIVIL ACTION |
| VERSUS | NO. 22-191 |
| SOUTHERN FIDELITY INSURANCE COMPANY, ET AL. | SECTION "R" (4) |

## **ORDER AND REASONS**

This is a property insurance dispute arising from damage caused by Hurricane Ida in August 2021.[1] Plaintiffs brought this action against Southern Fidelity Insurance Company ("Southern Fidelity") in the Thirty-Second Judicial District Court for the Parish of Terrebonne.[2] Defendant removed the matter on January 28, 2022, on the basis of diversity jurisdiction.[3] The Court stayed plaintiffs' claims when Southern Fidelity was declared insolvent and placed into liquidation by the Second Judicial Circuit Court in Leon County, Florida.[4] On January 9, 2023, plaintiffs filed an amended complaint adding the Louisiana Insurance Guaranty Association ("LIGA") as a defendant in this case.[5]

---

[1]   R. Doc. 1.
[2]   R. Doc. 1-2.
[3]   R. Doc. 1.
[4]   R. Docs. 9 & 10.
[5]   R. Doc. 14.

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, there must be complete diversity between the parties. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *Id.* (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). "Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009)).

For purposes diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of removal. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citation omitted). Once jurisdiction is properly established, subsequent events will generally not divest the court of jurisdiction. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks

2

subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Hager v. Thomas*, No. 18-cv-139, 2019 WL 13200643, at *1 (S.D. Miss. Apr. 9, 2019) ("Federal courts are duty-bound to examine their own jurisdiction and not proceed where it is apparent that jurisdiction does not exist." (citation omitted)).

The addition of a nondiverse party is one event that defeats jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). As explained by the Supreme Court, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). When a plaintiff's amendment after removal would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("[P]ost-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes

and requires remand, even when the newly joined defendants are not indispensable.").

Here, plaintiffs' amended complaint vitiates the Court's subject matter jurisdiction under 28 U.S.C. § 1332, because the addition of LIGA destroys complete diversity. Plaintiffs are citizens of Louisiana.[6] LIGA is an unincorporated association of Louisiana insurers and "has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). While plaintiffs do not specifically allege the citizenship of LIGA's constituent members, courts have remanded similar cases because LIGA has constituent member insurers domiciled in Louisiana. *See, e.g.*, *Brunet v. S. Fid. Ins. Co.*, No. 21-2308, 2023 WL 4541114, at *4 (E.D. La. July 14, 2023) (Vitter, J.); *Williams v. S. Fid. Ins. Co.*, No. 22-815, 2023 WL 3224751, at *1 (E.D. La. May 3, 2023) (Morgan, J.); *14th St. Props., LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.); *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.).

---

6   R. Doc. 1-2 at 3.

4

Because complete diversity no longer exists between the parties, plaintiffs' claims must be remanded for lack of subject matter jurisdiction, 28 U.S.C. § 1447(e).

I. **CONCLUSION**

For the foregoing reasons, plaintiffs' claims are REMANDED to the Thirty-Second Judicial District Court for the Parish of Terrebonne.

New Orleans, Louisiana, this __27th__ day of September, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE